```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Martin and Lucille Heald</u>

   **v.**                                               Civil No. 13-cv-488-PB
                                                    Opinion No. 2014 DNH 113
<u>Federal Home Loan</u>
<u>Mortgage Corporation</u>


### MEMORANDUM AND ORDER


In November 2010, Martin and Lucille Heald lost their home to foreclosure. The current owner of the home, the Federal Home Loan Mortgage Corporation ("Freddie Mac"), has served them with a notice to evict. In response, the Healds have sued Freddie Mac seeking both a declaratory judgment that the foreclosure was invalid and an injunction preventing their eviction.

The Healds challenged the foreclosure in a prior action in state court that named Wells Fargo as the defendant rather than Freddie Mac. Doc. No. 6-7. In that action, the Healds alleged, among other things, that Wells Fargo improperly assigned the note and mortgage to Freddie Mac one day before the foreclosure sale. The Healds also claimed that the foreclosure was improper because Wells Fargo falsely claimed during the sale that it was being conducted on behalf of Wells Fargo when in fact Freddie

Mac held the note and mortgage.  On July 17, 2012, the superior court rejected the Healds' claims, and on February 21, 2013, the New Hampshire Supreme Court affirmed the superior court's ruling.  Doc. Nos. 6-2, 6-8.

The Healds have repackaged their claims from the prior state court action and seek to reassert them against Freddie Mac.  Unsurprisingly, Freddie Mac argues that the Healds' claims are barred by res judicata or, in the alternative, collateral estoppel.  I find it more appropriate to analyze the Healds' claims under collateral estoppel.  See Miller v. Nationstar Mortg., LLC, 2012 DNH 130, 8.

Collateral estoppel "bars a party to a prior action . . . from relitigating any issue or fact actually litigated and determined in the prior action." Daigle v. City of Portsmouth, 129 N.H. 561, 570 (1987).  It only precludes the relitigation "'of issues actually raised and determined in the earlier litigation.'" Miller, 2012 DNH 130, 9 (quoting Morgenroth & Assocs. v. State, 126 N.H. 266, 270 (1985)).  A successful collateral estoppel claim requires that (1) the issue subject to estoppel "must be identical in each action"; (2) the first action "must have resolved the issue finally on the merits"; and

2

(3) "the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so." Daigle, 129 N.H. at 570.  Each of these elements turn on a more general requirement, that the "party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question." Id.  The issue subject to estoppel must have been essential to the first judgment. Tyler v. Hannaford Bros., 161 N.H. 242, 247 (2010) (citing Restatement (Second) of Judgments § 27 cmt. h)(1982)).  The Healds were party to the first action.  I thus consider whether the issues in each suit are identical and whether the prior suit resolved the issues on the merits.

    The Healds seek to invalidate Freddie Mac's foreclosure deed and enjoin their eviction.  They contend that the state court decisions were the "product of the misrepresentations and fraudulent conduct" of Wells Fargo, Freddie Mac's agent during the foreclosure.  Doc. No. 1-1.  They argue that the illegal foreclosure makes Freddie Mac's attempt to evict them an "unfair and deceptive act[]" in violation of New Hampshire's Consumer Protection Statute.  They attempt to differentiate this suit by emphasizing that the foreclosure proceedings were "the product

of fraud."  In a final attempt to escape preclusion, the Healds argue that their claims could not have been raised in the original action, filed in January 2011, because Freddie Mac did not have any interest in the property until it recorded its assignment and deed in March 2011.

The problem with the Healds' arguments is that they rely upon the alleged invalidity of Freddie Mac's foreclosure, an issue that was extensively litigated in the New Hampshire Superior Court, which found that Freddie Mac properly foreclosed on the property and was thus the lawful owner after the foreclosure sale.  The Healds appealed the decision to the New Hampshire Supreme Court, which affirmed the lower court.  The Healds' attempt to dodge preclusion by characterizing their current suit as involving different claims and allegations of fraud is unavailing.  "That the cause of action is different in the two cases does not mean that the issues are not identical." Tsiatsios v. Tsiatsios, 144 N.H. 438, 442 (1999) (citing Restatement (Second) of Judgments § 42 cmt. c).  The state courts expressly discussed Mr. Heald's allegations of fraud and the validity of Freddie Mac's foreclosure given that it occurred before Freddie Mac recorded its interest in the property.  Each

4

of the issues that the Healds now raise has been fully and finally resolved by the state courts. In earlier proceedings, the Healds had a full and fair opportunity to litigate the validity of Freddie Mac's foreclosure. Because these issues were actually decided by a final judgment on the merits, the Healds are precluded from bringing these claims again in this court.

## IV. CONCLUSION

For the reasons discussed above, I grant Freddie Mac's motion to dismiss the Healds' complaint. Doc. No. 6.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

May 21, 2014

cc: Martin Heald, pro se
Lucille Heald, pro se
Kevin P. Polansky, Esq.
Michael R. Stanley, Esq.